UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAN F. BECKER | : | |
| | : | |
| v. | : | C.A. No. 07-352S |
| | : | |
| WARDEN STEWART C. HUDSON, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This case is before the Court on a 28 U.S.C. § 2254 habeas corpus petition and a request to proceed on such petition in forma pauperis ("IFP"). Petitioner asserts that he is confined at the "Mansfield Correctional Institution Secret United Way Death Gulag #3" having been convicted in the "Millersburg, Ohio Holmes County United Way Court of Common Pleas & Iraqi Invasions" of "GSI" (gross sexual imposition) and "rape." Document No. 1 at p. 1.

Petitioner is engaging in a national habeas filing spree. On April 2, 2007, District Judge Jennifer Coffman of the Western District of Kentucky summarized the history of Petitioner's post-conviction challenges and dismissed his 2254 petition in that District. Becker v. Hudson, C.A. No. 3:06CV-P644-C, 2007 WL 1035009 (W.D. Ky. April 2, 2007). Judge Coffman held that her Court had no jurisdiction over a habeas challenge to an Ohio state-court criminal conviction and that, in any event, the petition was a second or successive habeas petition subject to dismissal under 28 U.S.C. § 2244(b)(3)(A). In Becker v. Hudson, No. 4:07-CV-00019-MP-WCH, 2007 WL 1455821 (N.D. Fla. May 15, 2007), Senior District Judge Maurice Paul adopted a recommendation that Petitioner's habeas case be summarily dismissed. In a Report and Recommendation dated March 30, 2007, Magistrate Judge William Sherrill advised Judge Paul that his research revealed that

petitioner "has filed § 2254 petitions all over the country" which have been consistently dismissed.

On January 10, 2007, Petitioner filed a 2254 petition in the District of Massachusetts. Becker v. Hudson, 1:07-CV-10063-RWZ (D. Mass.). Although there is not a complete identity of parties between the Massachusetts petition and the petition filed in this District, the 2254 petitions themselves are identical in substance. In the Massachusetts action, District Judge Zobel issued a concise order of dismissal noting the lack of jurisdiction over an Ohio state prisoner and that the petition was clearly a "second or successive" petition not within any of the exceptions set forth in 28 U.S.C. § 2254(b)(2). I recommend that this District also summarily DISMISS this Petition for those same reasons and that Petitioner's IFP request be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 24, 2007